UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONALD DANIELS, : | |
| *Plaintiff*, : | |
| : | |
| v. : | No. 3:23cv817 (JAM) |
| : | |
| COMMISSIONER QUIROS et al., : | |
| *Defendants*. : | |
| : | |

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

The plaintiff is a state prisoner who alleges that various state prison officials have violated his right under the Eighth Amendment to be free from cruel and unusual punishment. The Court issues this initial review order pursuant to 28 U.S.C. § 1915A to allow the action to proceed against one of the named defendants and to dismiss the action against all other defendants.

**BACKGROUND**

The plaintiff is Donald Daniels, a sentenced inmate currently incarcerated at the Garner Correctional Institution ("Garner") that is managed by the Connecticut Department of Correction ("DOC"). The complaint names the following four defendants:

- Angel Quiros (DOC Commissioner);

- Craig Washington (the warden at Garner);

- Michael Green (DOC Regional Chief Operating Officer); and

- Shannon Draughn (a nurse at Garner).

Daniels alleges that he has asthma and has dealt with breathing issues throughout his life. According to Daniels, on several occasions prior to the events discussed in his complaint, he spoke to defendant Draughn about his asthma. On those occasions, he complained of breathing

issues and requested use of a nebulizer. According to Daniels, Draughn repeatedly dismissed his health concerns without providing any medical attention.

On November 12, 2022, Daniels experienced breathing issues while working at the Garner kitchen. Once again he saw Draughn, who apparently responded, "you look fine" and walked away. Daniels claims he was forced to use a "rescue" inhaler, which significantly increased his blood pressure. Shortly after that, he coughed up blood. The kitchen staff made several attempts to reach Draughn via phone and radio, but she was unresponsive. Ultimately, Daniels required unspecified emergency medical assistance. Two days later, Daniels saw the facility physician, who performed tests and wrote Daniels prescriptions for Prednisone and nasal spray.

Daniels claims that the four defendants were deliberately indifferent to his need for acute asthma treatment in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment. He seeks declaratory, injunctive, and monetary relief.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a government entity or government actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A complaint may not survive an initial review pursuant to §

1915A unless it alleges facts that, taken as true, give rise to plausible grounds for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1]

The Eighth Amendment to the U.S. Constitution protects against the infliction of cruel and unusual punishment. See U.S. Const. amend. VIII. The Supreme Court has long recognized that prison officials violate the Eighth Amendment if they are deliberately indifferent to a sentenced prisoner's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).

A claim for deliberate indifference to serious medical needs under the Eighth Amendment has two requirements. First, the prisoner must allege that he had an objectively serious medical need, as distinct from what a reasonable person would understand to be a minor risk of harm or minor medical need. The objective component requires no less than "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Horace v. Gibbs*, 802 F. App'x 11, 14 (2d Cir. 2020) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994)).

Second, the prisoner must allege that a defendant prison official acted with an actual awareness of a substantial risk that serious harm to the inmate will result. *See Spavone v. N.Y. State Dept. of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013); *Hilton v. Wright*, 673 F.3d 120, 127 (2d Cir. 2012). The official must have acted more than merely negligently but instead with a subjective state of mind that is the equivalent of criminal recklessness. *See Francis v. Fiacco*, 942 F.3d 126, 150 (2d Cir. 2019).

The complaint adequately alleges that Draughn was deliberately indifferent to Daniels's serious medical needs when Draughn dismissed Daniels's repeated complaints concerning his ability to breathe. On the other hand, the complaint fails to allege any facts showing that the

---

[1] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

remaining defendants had anything to do with denying Daniels's requests for assistance. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983 [for violation of the federal constitution], a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Thus, in order to "hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020).

## CONCLUSION

Daniels may proceed with his Eighth Amendment claim against defendant Draughn. Because Daniels does not allege any ongoing violation of his rights by Draughn or any other defendant, his claim shall proceed against Draughn in Draughn's individual capacity only for money damages. The Court otherwise DISMISSES Daniels's claims against all other defendants.

(1) The Clerk shall verify the current work address for Shannon Draughn with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint to that defendant at the confirmed address within **twenty-one (21) days** of this Order, and report to the Court on the status of the waiver request by no later than the **thirty-fifth (35) day** after mailing. If Draughn fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshals Service on that defendant, and Draughn shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

(2) Draughn shall file response to the complaint, either an answer or motion to dismiss, **within sixty (60) days** from the date the notice of lawsuit and waiver of service of summons

forms are mailed to her.

(3) The Clerk shall send a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs.

(4) The discovery deadline is extended to **six months (180 days)** from the date of this Order. The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures" which the Clerk must send to plaintiff with a copy of this order. The order also can be found at http://ctd.uscourts.gov/district-connecticut-public-standing-orders. Note that discovery requests should not be filed with the Court. In the event of a dispute over discovery, the parties should make a good faith effort to resolve the dispute amongst themselves; then, the parties should file the appropriate motion to compel on the docket.

(5) The deadline for summary judgment motions is extended to **seven months (210 days)** from the date of this Order.

(6) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion (i.e., a motion to dismiss or a motion for summary judgment) **within twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the Court may grant the dispositive motion without further proceedings.

(7) If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. He should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he must indicate all of the case numbers in the notification of change of address.

Plaintiff must also notify the defendant or defense counsel of his new address.

(8) Plaintiff shall utilize the Prisoner E-Filing Program when filing documents with the Court. Plaintiff is advised that the Program may be used only to file documents with the Court. As discovery requests are not filed with the Court, the parties must serve discovery requests on each other by regular mail.

It is so ordered.

Dated at New Haven this 24th day of October 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge